**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| OAKLEY, INC.,<br><br>                Plaintiff,<br><br>   v.<br><br>SHENZEN EFORCHINA LIMITED and SHENZHEN SUNSKY TECHNOLOGY LIMITED,<br><br>                Defendants. | Case No. 19-cv-04326<br><br>**Chief Judge Rebecca R. Pallmeyer**<br><br>**Magistrate Judge Sunil R. Harjani** |

**Declaration of Allyson Martin**

I, Allyson Martin, of the City of Chicago, in the State of Illinois, declare as follows:

1. I am an attorney at law, duly admitted to practice before the Courts of the State of Illinois and the United States District Court for the Northern District of Illinois. I am one of the attorneys for Plaintiff Oakley, Inc. ("Oakley" or "Plaintiff"). Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and, if called as a witness, I could and would competently testify as follows:

2. I have accessed the "Contact us" page for eForChina.com, at the URL http://www.eforchina.com/base/doc!view.do?code=contactUs. This page lists sales@eforchina.com and service@eforchina.com as email addresses. **Exhibit 1** attached hereto is a true and correct copy of a screenshot of this page.

3. I have accessed the "Frequently Asked Questions" page for eForChina.com, at the URL http://www.eforchina.com/base/doc!view.do?code=faq. This page lists service@eforchina.com as an email address. **Exhibit 2** attached hereto is a true and correct copy of this page.

4. I have accessed the "Payment Methods" page for eforchina.com, at the URL http://www.eforchina.com/base/doc!view.do?code=faq. This page lists Payonline@sunsky-online.com as the email address associated with a PayPal account for eforchina.com. **Exhibit 3** attached hereto is a true and correct copy of this page.

5. I accessed Defendants' Facebook page, which links to the eforchina.com home page. Defendants' Facebook page lists the email address marketing@eforchina.com. **Exhibit 4** attached hereto is a true and correct copy of this page.

6. I have reviewed the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters ("Hague Convention"), to which

China is a signatory. The Hague Convention does not preclude service by e-mail, and the declarations to the Hague Convention filed by China do not appear to expressly prohibit e-mail service. Additionally, according to Article 1 of the Hague Convention, the "convention shall not apply where the address of the person to be served with the document is not known." A true and correct copy of the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters, and a list of signatory members, are collectively attached hereto as **Exhibit 5**.

7. **Exhibit 6** attached hereto is a list of cases in this District holding that alternative forms of service pursuant to Fed. R. Civ. P. 4(f)(3) are appropriate in factually similar cases, as well as cases from other Districts.

8. I have researched whether the issuance of an order to serve process upon the Defendants by electronic mail pursuant to Fed. R. Civ. P. 4(f)(3) is contrary to or likely to offend the law of the People's Republic of China (the "PRC"). I located an English language version of the Civil Procedure Law of the People's Republic of China (Revised in 2017). A true and correct copy is attached hereto as **Exhibit 7**. Chapter VII, Section 2, of the Civil Procedure Law governs service of process. I am informed and believe that the law does not preclude the service of process by e-mail and allows for alternate service of process in certain circumstances. For example, Article 92 of the law provides that, if the whereabouts of a recipient of the service is unknown, or if a document cannot be served by the other methods reflected in the law, a document shall be served by public announcement, a method even less likely to reach a defendant than service by e-mail. Additionally, Articles 87 and 267(7) provide that a document may be served by way of facsimile or electronic mail in certain circumstances.

4

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this the 12th day of July 2019 at Chicago, Illinois.

/Allyson Martin/
Allyson Martin
Counsel for Plaintiff Oakley, Inc.