IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OAKLEY, INC.,<br><br>                  Plaintiff,<br><br>    v.<br><br>SHENZEN EFORCHINA LIMITED and SHENZHEN SUNSKY TECHNOLOGY LIMITED,<br><br>                  Defendants. | Case No. 19-cv-04326<br><br>Chief Judge Rebecca R. Pallmeyer<br><br>Magistrate Judge Sunil R. Harjani |

**FINAL JUDGMENT ORDER**

This action having been commenced by Plaintiff Oakley, Inc. ("Oakley" or "Plaintiff") against Defendants Shenzen eForChina Limited and Shenzhen Sunsky Technology Limited (collectively "Defendants"), and Oakley having moved for entry of Default and Default Judgment against Defendants;

Oakley having properly completed service of process on Defendants, and Defendants having failed to answer the Complaint or otherwise plead, and the time for answering the Complaint having expired;

THIS COURT HEREBY FINDS that it has personal jurisdiction over Defendants since Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Defendants are reaching out to do business with Illinois residents by operating Defendants' website at eForChina.com through which Illinois residents can purchase products using counterfeit versions of the Oakley Trademarks (a list of which is included in the below chart).

1

| Registration No. | Trademark | Goods and Services |
|---|---|---|
| 1,522,692 | OAKLEY | For: Clothing, namely, shirts and hats in class 25. |
| 2,293,046 | OAKLEY | For: Clothing, headwear and footwear and footwear, namely, sport shirts, jerseys, shirts, jackets, vests, sweatshirts, pullovers, coats, ski pants, headwear, caps, shoes, athletic footwear, all purpose sports footwear and socks in class 25. |
| 3,771,517 | OAKLEY | For: Retail store services and on-line retail store services featuring eyewear, replacement lenses, eyewear nosepiece kits, clothing, headwear, footwear, watches, decals, electronics devices, posters, athletic bags, handbags, backpacks and luggage in class 35. |
| 1,984,501 | (Oakley ellipse logo) | For: Protective and/or anti-glare eyewear, namely sunglasses, goggles, spectacles and their parts and accessories, namely replacement lenses, earstems, frames, nose pieces and foam strips; cases specially adapted for protective and/or anti-glare eyewear and their parts and accessories in class 9.<br><br>For: clothing and headwear, namely T-shirts, sweatshirts, jackets, hats, and caps in class 025. |
| 3,331,124 | (Oakley ellipse logo) | For: Protective eyewear, namely spectacles, prescription eyewear, anti glare glasses and sunglasses and their parts and accessories, namely replacement lenses, frames, earstems, and nose pieces; cases specially adapted for spectacles and sunglasses and their parts and accessories; and protective clothing, namely, racing pants in class 9.<br><br>For: Clothing, namely, t-shirts, beach-wear, blouses, sports shirts, jerseys, swimwear, swimtrunks, shorts, underwear, shirts, pants, ski and snowboard pants and jackets, jeans, vests, jackets, wetsuits, sweaters, pullovers, coats, sweatpants, headwear, namely, hats, |

|  |  | caps, visors and footwear, namely wetsuit booties, shoes, sandals, athletic footwear, all purpose sports footwear, thongs and boots in class 025. |
|---|---|---|
| 5,109,790 |  | For: Gloves in class 25. |

THIS COURT FURTHER FINDS that Defendants are liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), false designation of origin (15 U.S.C. § 1125(a)), violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510, *et seq.*), and patent infringement (35 U.S.C. § 271) of United States Design Patent Nos. D514,613, D523,461, D568,917, D659,180, D719,209, D725,690, D725,695 and D725,696 (the "Oakley Designs").

IT IS HEREBY ORDERED that Oakley's Motion for Entry of Default and Default Judgment is GRANTED in its entirety, that Defendants are deemed in default and that this Final Judgment is entered against Defendants.

IT IS FURTHER ORDERED that:

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be permanently enjoined and restrained from:

    a. using the Oakley Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Oakley product or not authorized by Oakley to be sold in connection with the Oakley Trademarks;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Oakley product or any other product produced by Oakley, that is not Oakley's or not produced under the authorization, control or supervision of Oakley and approved by Oakley for sale under the Oakley Trademarks;

    c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Oakley, or are sponsored by, approved by, or otherwise connected with Oakley;

    d. further infringing the Oakley Trademarks and damaging Oakley's goodwill;

    e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Oakley, nor authorized by Oakley to be sold or offered for sale, and which bear any of Oakley's trademarks, including the Oakley Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof or that infringe the Oakley Designs; and

    f. making, using, marketing, advertising, offering to sell, or selling any product having a design which is substantially the same as or otherwise infringes the designs claimed by the Oakley Designs.

2. Pursuant to 15 U.S.C. § 1117(c)(2), Oakley is awarded statutory damages from Defendants in the amount of one million dollars ($1,000,000) for willful use of counterfeit Oakley Trademarks on products sold through at least Defendants' website at eForChina.com.

3. Any third parties holding funds for Defendants, including PayPal, Inc. ("PayPal"), shall within two (2) business days of receipt of this Order, permanently restrain and enjoin any

        accounts connected to Defendants or Defendants' website at eForChina.com from transferring or disposing of any money or other of Defendants' assets.

4.     All monies currently restrained in Defendants' financial accounts, including monies held by third parties such as PayPal, are hereby released to Oakley as partial payment of the above-identified damages, and third parties, including PayPal, are ordered to release to Oakley the amounts from Defendants' financial accounts within ten (10) business days of receipt of this Order.

This is a Final Judgment.

DATED: August 26, 2019

                                                  Rebecca R. Pallmeyer
                                                  United States District Judge